

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00219-CV

GUARDIANSHIP OF JOHN DAVID
HARRIS, AN INCAPACITATED
PERSON

----------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On June 20, 2011, we received Appellant's "Notice of Restricted Appeal" appealing the trial court's December 29, 2010 order appointing a temporary guardian ad litem for Appellant's father. Appellant's father passed away, and on February 20, 2011, the trial court dismissed the guardianship investigation. We sent Appellant a letter on June 28, 2011, notifying Appellant of our concern that we lacked jurisdiction over this appeal because it appeared that he was

---

[1]*See* Tex. R. App. P. 47.4.

attempting to appeal an unappealable order. Specifically, the order appointing the guardian ad litem did not appear to be a final judgment or an appealable interlocutory order.

On July 11, 2011, we received a response from Appellant. That same day, we sent another letter to Appellant expressing our concern that any complaint regarding the temporary guardian is now moot because the case has been dismissed. *See, e.g.*, *Hamilton County v. Cooper*, No. 05-07-00307-CV, 2007 WL 2774166, at *1 (Tex. App.—Dallas Sept. 25, 2007, no pet.) (dismissing an appeal from a temporary injunction as moot after trial court rendered a final judgment in the case). We notified Appellant that we would dismiss this case for want of jurisdiction unless Appellant or any party desiring to continue the appeal filed with the court within ten days a response showing grounds for continuing the appeal.

On July 22, 2011, we received a response from Appellant. However, Appellant's response does not show grounds for continuing the appeal. Appellant complains of various acts by the temporary guardian ad litem regarding the estate of Appellant's father, and he argues that these acts constitute a continuing controversy between the parties. Any such controversy between the parties does not, however, flow from the propriety of the temporary guardian's appointment. Further, Appellant does not explain how a judgment from this court could remedy what harm Appellant claims to suffer. *See In re Smith*, No. 05-09-00913-CV, 2010 WL 4324434, at *2 (Tex. App.—Dallas Nov. 3, 2010, orig.

proceeding) (mem. op.).  We therefore dismiss this appeal as moot.  *See* Tex. R.

App. P. 42.3(a), 43.2(f).


PER CURIAM


PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED:  August 18, 2011